UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | |
|---|---|
| JIM'S CAR WASH, FREDDY DAVENPORT, DALE DAVENPORT,<br>  *Plaintiffs*,<br><br>v.<br><br>CITY OF DALLAS, *et al.*,<br>  *Defendants*. | § § § § § § § § § §<br><br>CASE NO:   3:21-cv-1746<br><br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO CITY DEFENDANTS' MOTIONS TO DISMISS**

COME NOW Plaintiffs, Dale Davenport and Freddy Davenport, doing business as Jim's Car Wash (corporately, "Plaintiffs"), filing this response and objection to the Motion to Dismiss for Lack of Jurisdiction and Brief in Support (ECF No. 26) and Motion to Dismiss for Failure to State a Claim and Brief in Support (ECF No. 29) filed by Defendants the City of Dallas (the "City") and City Officials on October 1, 2021.

**Summary of the Response:**  Defendants assert in their Brief that Plaintiffs' claims should be dismissed on a variety of bases including the *Rooker-Feldman* Doctrine, failure to adequately plead various claims, and the alleged conclusory nature of claims. Plaintiffs herein show that Defendants have misrepresented pleading standards and misinterpreted case law. Plaintiffs' claims should not be time-barred, and Plaintiffs have provided requisite support for all claims. Therefore, Defendants' motion should be denied.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... 3

I.   LEGAL STANDARD ................................................................................................. 4

   A.   Federal Rule of Civil Procedure 12(b)(6) ............................................................ 4

   B.   Federal Rule of Civil Procedure 12(b)(1) ............................................................ 5

II.  Response to Defendants' 12(b)(1) Motion to Dismiss ....................................... 5

   A.   The *Rooker-Feldman* doctrine does not preclude Plaintiffs' claims. ............................ 5

   B.   Plaintiffs have amended their complaint to correctly indicate that Jim's Car Wash is a general partnership rather than a sole proprietorship. .............................................. 6

III. RESPONSE TO DEFENDANTS' 12(B)(6) MOTION TO DISMISS ................................ 6

   A.   Plaintiffs' claims are not time-barred under the doctrine of equitable tolling. .................. 6

   B.   Plaintiffs properly pleaded their claim under 42 US Code § 1983 ................................ 8

   C.   Plaintiffs properly stated a Due Process Claim. .................................................... 10

   D.   Plaintiffs properly stated an Equal Protection Claim. .............................................. 10

   E.   Plaintiffs properly stated a Takings Claim. .......................................................... 11

   F.   Plaintiffs properly stated a claim for Conspiracy under 42 US Code § 1985. ................... 11

   G.   Plaintiffs have amended their Complaint to more clearly request declaratory relief under the Federal Declaratory Judgment Act. .................................................................. 12

IV.  PRAYER .................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) ...................................................... 4, 5
*Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 627 F.3d 547, 553 (5th Cir. 2010) 5
*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) ........................................................................ 4
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ................................................................. 4
*City of University Park v. Benners*, 485 S.W.2d 773, 778 (Tex. 1972)...................................... 10
*Cox* ................................................................................................................................................ 9
*Cox v. City of Dallas*, 430 F.3d 734 (5th Cir. 2005)...................................................................... 8
*Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 283 (2005) ........................................ 5, 6
*Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)............................. 4
*Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992) .................................................................. 5
*Holland v. Florida*, 560 U.S. 631, 649 (2010)........................................................................... 6, 7
*In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281,
    286 (5th Cir. 2012) ..................................................................................................................... 5
*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).......................................................... 9, 10
*Morgan v. Hubert,* 335 F. App'x 466, 470 (5th Cir. 2009)............................................................ 5
*Shelton v. City of Coll. Station*, 780 F.2d 475, 477 (5th Cir. 1986).............................................. 10
*Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)................................................................. 4
*Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007).............................. 5

**Statutes**

42 US Code § 1983 ......................................................................................................................... 8
42 US Code § 1985 ....................................................................................................................... 12

**Rules**

Fed. R. Civ. P. 12(b)(1).................................................................................................................. 5
Fed. R. Civ. P. 12(b)(6).................................................................................................................. 4
Fed. R. Civ. P. 8(a)(2).................................................................................................................... 4

## I.     LEGAL STANDARD

**A.     Federal Rule of Civil Procedure 12(b)(6)**

1.     A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement ... showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570).

2.     In considering a motion to dismiss pursuant to Rule 12(b)(6) the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

3.     In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*.

4.      "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert,* 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**B.      Federal Rule of Civil Procedure 12(b)(1)**

5.      Fed. R. Civ. P. 12(b)(1) states that a court should only dismiss a pleading for lack of subject-matter jurisdiction if it appears *certain* that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief. *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)) (emphasis added).

6.      The court should take as true all allegations of a complaint and facts set out by the plaintiff. *Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 627 F.3d 547, 553 (5th Cir. 2010).

7.      A dismissal should not be affirmed unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

## II.     Response to Defendants' 12(b)(1) Motion to Dismiss

### A. The *Rooker-Feldman* doctrine does not preclude Plaintiffs' claims.

8.      Defendants allege that the *Rooker-Feldman* doctrine bars Plaintiffs' claims because of Plaintiffs' previous litigation in state court (ECF No. 26 at 5).

9.      The *Rooker-Feldman* doctrine prevents state-court losers from seeking district court review of injuries caused by state court judgements. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 283 (2005). In *Exxon,* the Supreme Court took great pains to clarify that *Rooker-Feldman* does not bar previously litigated claims where an independent claim exists, writing:

> Nor does § 1257 stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, (2005) (citations omitted.)

10. The federal claims at issue in the immediate case were never adjudicated in state court and the remaining claims were never dismissed with prejudice. Therefore the litigation of those claims before this Court does not qualify as the kind of "appeal" from a state judgment to a federal court that the *Rooker-Feldman* doctrine seeks to proscribe.

11. Additionally, Plaintiffs abandoned their federal claims long before the order mentioned by Defendants. As stated plainly in their motion for summary judgment filed on February 7, 2020, Plaintiffs stated "Plaintiffs herein abandon their federal claims," on the first page. See Exhibit 1.

12. As such, Plaintiffs' claims should not be barred by the *Rooker-Feldman* doctrine.

**B.    Plaintiffs have amended their complaint to correctly indicate that Jim's Car Wash is a general partnership rather than a sole proprietorship.**

13. Plaintiffs have amended their Complaint. Plaintiffs' Amended Complaint, filed concurrently, indicates that Jim's Car Wash is a general partnership. Therefore, there is no issue of standing about Plaintiffs' ability to bring their claims.

### III.    RESPONSE TO DEFENDANTS' 12(B)(6) MOTION TO DISMISS

**A.    Plaintiffs' claims are not time-barred under the doctrine of equitable tolling.**

14. Defendants allege that Plaintiffs' claims are time-barred by the two-year statute of limitations (ECF No. 29 at 5), but contrary to Defendants' argument, Plaintiffs' claims remain ripe under the doctrine of equitable tolling.

15.     A Plaintiff is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

16.     Regarding the matter of whether to toll the statute of limitations in the presence of such circumstances, the *Holland* Court held that "often the 'exercise of a court's equity powers . . . must be made on a case-by-case basis.' In emphasizing the need for 'flexibility,' for avoiding 'mechanical rules,' [the Court has] followed a tradition in which courts of equity have sought to 'relieve hardships which, from time to time, arise from a hard and fast adherence'" *Id*. at 649-50.

17.     The Court goes on to state that "courts exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id*. at 650.

18.     Here, Plaintiffs' course of conduct in the state court serves as evidence of their diligent pursuit of their rights. This diligent pursuit is evident in Plaintiffs' previous litigation in state court to which Defendants make various reference, as well as exhaustion of all available administrative remedies, which ultimately resulted in an agreed dismissal of *certain* claims without prejudice.

19.     Next, extraordinary circumstances occurred which contributed to Plaintiffs' failure to timely file their Complaint. Plaintiffs allege in their Complaint that Defendants' actions giving rise to Plaintiffs' claims span from the early 2000s to June 14, 2019 (*See* ECF No. 1).

20.     The application of a two-year statute of limitations requires Plaintiffs' filing to have occurred on June 14, 2021. As Defendants note, Plaintiffs filed on July 27, 2021 (ECF No. 1).

21.     This delay in Plaintiffs' filing was caused when Plaintiff Dale Davenport suffered a heart attack the weekend prior to June 1, 2021.

22. Plaintiff Dale Davenport and the undersigned were preparing Plaintiffs' federal complaint, but required additional information from Plaintiffs, including a declaration from Plaintiff Dale Davenport.

23. Plaintiff Dale Davenport emailed the undersigned on June 1, 2021, stating that he suffered a heart attack over the weekend which required the insertion of two coronary stents.

24. Plaintiff Dale Davenport indicated that he was very weak and could not confer with the undersigned until he recovered. This occurrence caused an unavoidable delay which contributed to Plaintiffs' filing their Complaint the following month.

25. Therefore, as a result of Plaintiffs' diligence and the extraordinary circumstances they experienced, Plaintiffs' case should be considered as one in which such specific circumstances exist justifying equitable tolling, and Plaintiffs' claims should not be considered time-barred.

26. The Declaration of Norred is affixed post-signature in support of this section.

**B.     Plaintiffs properly pleaded their claim under 42 US Code § 1983**

27. Defendants allege that Plaintiffs have failed to properly plead a § 1983 claim because Defendants have not identified a policy or custom employed by a municipality in furtherance of constitutional violations (ECF No. 29 at 14).

28. But contrary to Defendants' claims, Plaintiffs successfully identified behavior constituting "custom" in their Complaint which the City has perpetuated to Plaintiffs' detriment.

29. Defendants cite to *Cox v. City of Dallas*, 430 F.3d 734 (5th Cir. 2005) to define the standards for municipal liability, but conveniently, Defendants focus entirely on the "official policy" element presented in *Cox*, while ignoring "custom."

30. The *Cox* court explains that an "official policy" is one that

> "either a policy statement, ordinance, regulation, etc., that has been officially adopted by a policymaker, or a persistent, widespread practice of officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents the municipality's policy. . . . 'An act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.'"

*Cox* at 748.

31. Defendants' actions as described in Plaintiffs' complaint were prolific enough to qualify as "custom" rising to the level of official policy under the standards presented by Defendants as they were persistent practice of City officials or employees.

32. Contrary to Defendants' claim that such a policy must have been enacted by the Dallas City Council alone, the Supreme Court has held that "[i]t is when execution of a government's policy or custom, whether made by its lawmakers *or by those who edicts or acts may fairly be said to represent official policy*, inflicts the injury that the government as an entity is responsible under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (emphasis added).

33. As such, it need not be the Dallas City Council which promulgated official policies contributing to Plaintiffs' constitutional injuries, but instead any Defendant whose edicts may further the official policy complained of herein.

34. As such, Plaintiffs have met the requirements described in *Cox* by clearly identifying official policies and practices perpetuated by the City of Dallas through its City Officials which resulted in violation of Plaintiffs' constitutional rights.

**C.     Plaintiffs properly stated a Due Process Claim.**

35.     Defendants (ECF No. 29 at 11) that Plaintiffs have failed to properly allege a claim for violation of due process.

36.     But as Plaintiffs establish in paragraphs 81-89 of their Complaint (ECF No. 1 at 16), municipal decisions are not upheld in cases of "invidious discrimination, suspect classifying criteria, or infringement of fundamental interests." *Shelton v. City of Coll. Station*, 780 F.2d 475, 477 (5th Cir. 1986).

37.     Defendants attempt to show that Plaintiffs do not have a protected property interest in the car wash by citing to *City of University Park v. Benners*, 485 S.W.2d 773, 778 (Tex. 1972).

38.     But in *Benners*, the matter before the court was a simple rezoning ordinance requiring the cessation of a nonconforming property where there were no allegations of discriminatory racial motivation or corruption. *See Benners* at 778.

39.     The due process claim by Plaintiffs is based on the lack of adherence to due process requirements in Defendants' deliberate rezoning intended to rid the city of the Davenports for their race and failure to participate in corruption.

40.     Therefore, Plaintiffs properly alleged that they have a protected property interest in the car wash, and that Defendants engaged in conduct that singles out Plaintiffs on the basis of race and refusal to participate in municipal corruption as well as testifying against Defendants before the state legislature (ECF No. 1 at 16-17).

41.     As such, Plaintiffs' due process claim should not be dismissed.

**D.     Plaintiffs properly stated an Equal Protection Claim.**

42.     Contrary to Defendants' assertions, and as previously established, Plaintiffs need not show that the Dallas City Council promulgated official policies contributing to Plaintiffs' constitutional

injuries, but instead merely that any City Official made edicts or engaged in behavior constituting a custom that may fairly represent official policy.

43. Plaintiffs properly allege discrimination in violation of the Equal Protection Clause supported by facts including a statement from a city employee that the City would never sell property to "people like [Dale Davenport]" (ECF No. 1 at 9).

44. Defendants also attempt to persuade this Court to hold Plaintiffs to a summary judgment standard regarding evidence presented to prove Plaintiffs' allegations of racial discrimination.

45. Plaintiffs would remind Defendants that they are not obligated to produce the suggested evidence in this stage of proceedings.

**E.    Plaintiffs properly stated a Takings Claim.**

46. Defendants argue that Plaintiffs failed to properly state a takings claim because Plaintiffs do not have a protected property interest, and even if they do, Plaintiffs did not properly allege a takings claim (ECF No. 29 at 26).

47. As previously established herein, Plaintiffs do have a protected property interest in the car wash. With regard to Plaintiffs' pleading their takings claim, Plaintiffs successfully alleged that Defendants interfered with Plaintiffs' investment-backed expectations in the car wash when they acted with discriminatory intent to deprive him of his property use through rezoning. (*See generally* ECF No. 1).

48. As such, Plaintiffs' takings claim should not be dismissed.

**F.    Plaintiffs properly stated a claim for Conspiracy under 42 US Code § 1985.**

49. Defendants argue that Plaintiffs have failed to state a claim for conspiracy because Plaintiffs have not sufficiently alleged discriminatory animus or injury related to a vested property right (ECF No. 29 at 28).

50. Once again, Defendants argue for more evidence supporting the truth of Plaintiffs' claims and attempt to lead this Court to apply an improper pleading standard—one appropriate for a motion for summary judgment as opposed to a motion to dismiss.

51. But Plaintiffs' Complaint includes the requisite factual allegations required for a conspiracy claim under § 1985—that Defendants conspired to deprive Plaintiffs of his protected property interest and acted in furtherance of that conspiracy causing Plaintiffs' injury (ECF No. 1 at 5-15, 18). These facts are to be taken as true for purposes Plaintiffs' Motion to Dismiss.

52. As such, Plaintiffs' conspiracy claim should not be dismissed.

**G.     Plaintiffs have amended their Complaint to more clearly request declaratory relief under the Federal Declaratory Judgment Act.**

53. Plaintiffs have amended their Complaint to more clearly request declaratory relief under the Federal Declaratory Judgment Act and removed reference to supplemental jurisdiction over state law claims.

## IV.     PRAYER

WHEREFORE, Plaintiffs pray that this Honorable Court deny Defendants' Motions to Dismiss, and for all other relief to which they may justly may be entitled.

Respectfully submitted,

/s/ Warren V. Norred
Warren V. Norred, Texas Bar No. 24045094; wnorred@norredlaw.com
515 E. Border Street; Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
*Attorney for Plaintiffs*

CERTIFICATE OF SERVICE - I certify that the above was served on all parties seeking service in the instant case via the Court's e-file system on October 22, 2021.
/s/Warren V. Norred

Declaration of Norred – I declare on October 22, 2021 under penalty of perjury that I have personal knowledge that the statements made in paragraphs 20-25 are true and correct,
/s/Warren V. Norred