UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| JIM'S CAR WASH, FREDDY DAVENPORT, DALE DAVENPORT, Plaintiffs, v. CITY OF DALLAS, Defendant. | § § § § § § § § § | CASE NO:   3:21-cv-1746 |

## JOINT STATUS REPORT

Plaintiffs Jim's Car Wash, Freddy Davenport, and Dale Davenport ("Plaintiffs") and Defendant, City of Dallas, Texas ("Defendant" or the "City"), hereby submit the following Joint Status Report pursuant to this Court's Status Report Order (Doc. 37). Pursuant to the Court's Order and Federal Rule of Civil Procedure 26(f), counsel for the parties met by telephonic conference on November 5, 2021. Warren Norred participated on behalf of Plaintiff, and Kathleen Fones participated on behalf of Defendant.

**BRIEF STATEMENT OF THE CLAIMS AND DEFENSES**

1.   Summarizing, Plaintiffs assert that Defendants and City of Dallas and its council abused their authority to regulate Plaintiffs out of business.

Defendant asserts that this Court lacks jurisdiction over Plaintiffs' claims under the *Rooker-Feldman* doctrine. Plaintiffs previously pursued claims related to the same subject matter in state court, including an appeal of the June 20, 2019 order of the City's Board of Adjustment terminating the nonconforming car wash use at the property and revoking the certificate of occupancy that allowed the car wash to operate. The appeal of the Board of Adjustment order and state constitutional claims against the City were dismissed with prejudice by the state court in May and June of 2020, and the parties settled the state court litigation in July 2020. This litigation seeks to attack the state court's judgment and obtain an order requiring the City to allow the car wash to

reopen. Certain claims brought by Plaintiffs Jim's Car Wash and Dale Davenport should be dismissed for lack of standing. In addition, this litigation is time-barred because it was filed more than two years after any of the events in the complaint and more than two years after the car wash was closed either because of the state court's temporary restraining order or the Board of Adjustment's order terminating the nonconforming car wash use. Finally, Plaintiffs have failed to sufficiently allege a claim for violations of the Fourteenth Amendment rights to due process and equal protection, a Fifth Amendment takings claim, or a claim for conspiracy to deprive them of their civil rights under 42 U.S.C. § 1985.

**PROPOSED DEADLINES**

2. **Joinder:** The present parties do not anticipate joining any additional parties. If Plaintiff or Defendant find it necessary to join additional parties or amend their pleadings, both parties propose January 12, 2022 as the deadline to do so.

3. **Amended Pleadings:** August 28, 2022.

4. **Dispositive Motions:** December 2, 2022.

5. **Initial Expert Designations:** May 18, 2022.

6. **Responsive Expert Designations:** June 22, 2022.

7. **Objections to Designated Experts:** July 20, 2022.

8. **Discovery:** Discovery shall be open when this Court issues its scheduling order in the instant case and close on November 2, 2022.

9. **Limitations on Discovery:** None.

10. **Trial:** April 3, 2023.

    The parties estimate that trial will not take more than three days.

11. **Further settlement negotiations** to take place by November 2, 2022.

12.  **Rule 26 Disclosures** will be exchanged by November 19, 2021. The parties make no objections to Rule 26(a)(1).

13.  **Magistrate Judge:** The parties do not consent to trial before a US Magistrate Judge.

14.  **Mediation:** The parties do not believe that mediation would meaningfully advance the instant case toward resolution. Claims related to the same subject matter have already been litigated in state court. Prior to the filing of this litigation in July 2021, the City understood that the parties had already settled any and all claims related to this subject matter in July 2020, and therefore, the City does not believe that further settlement discussions would be beneficial prior to a decision on the City's motions to dismiss. However, should mediation be required, the parties agree that it would be most appropriate after the motions to dismiss have been decided and some discovery has been completed.

15.  **Other Proposals:** The parties do not have any other proposals to make with regard to scheduling and discovery at this time.

16.  **Conference:** No conference on these matters is requested with the Court at this time.

17.  **Other Relevant Matters:** None at this time.

Dated: November 24, 2021

Respectfully submitted,

| | |
|---|---|
| /s/Warren V. Norred__ | /s/Kathleen M. Fones__ |
| WARREN V. NORRED, | KATHLEEN M. FONES |
| wnorred@norredlaw.com | Kathleen.fones@dallascityhall.com |
| NORRED LAW, PLLC | DALLAS CITY ATTORNEY'S OFFICE |
| 515 E. Border St. | 1500 Marilla Street, Room 7DN |
| Arlington, Texas 76010 | Dallas, Texas 75201 |
| O: 817.704.3984; F: 817.524.6686 | O: 214-670-3519; F: 214-670-0622 |
| **Attorney for Plaintiffs** | **Attorney for Defendant** |