IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIM'S CARWASH, FREDDIE DAVENPORT, and DALE DAVENPORT | § § § § | |
| Plaintiffs, | § § | Civil No. 3:21-CV-1746-K |
| v. | § § | |
| CITY OF DALLAS, | § § | |
| Defendant. | § § | |

# SCHEDULING ORDER

The Court, having considered the parties' Joint Report filed November 24, 2021, the finds that the following order should be entered pursuant to Fed. R. Civ. P. 16(b), and the local rules of this Court, to schedule this case for disposition and, if disposition by trial is needed, to expedite the trial. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **This Order shall control the disposition of this case.** The deadlines set forth in this Scheduling Order may be extended only by formal written motion to the Court and only upon a showing of good cause. **Any requested extension of a pretrial deadline shall not affect the trial date or any other pretrial deadlines. The Court will not grant motions to continue the trial setting absent exigent circumstances, even if the parties file an agreed motion.**

2. Pursuant to Local Rule 16.3(a), the parties to this case shall enter into settlement negotiations as early as possible.

3. The parties are ordered to complete mediation no later than **March 23, 2022**, and file a Mediation Report describing the status of settlement negotiations no later than **March 30, 2022**. The parties' obligation to file a Mediation Report is separate from any reporting requirements of the mediator.

4. No later than **30 days from the date of this order**, the parties shall submit a Joint Designation of Mediator in which the parties either name an agreed mediator or state that the parties cannot agree to a mediator.

   If plaintiff(s) and defendant(s) have not already filed a Certificate of Interested Persons with the Clerk of Court, they are directed to do so no later than **14 days from the date of this order** so that the Court may ensure that recusal is not necessary.

   **Proposed orders are required to be submitted with EVERY motion. The proposed order must be emailed, in Word or WordPerfect format, to Kinkeade_Orders@txnd.uscourts.gov. The email must include the case number and the document number of the referenced motion in the subject line and opposing counsel must be copied.**

5. This case is set for **JURY** trial on the Court's three-week docket beginning **April 3, 2023**. Counsel and the parties shall be ready for trial on two (2) days notice at any time during this three-week period. Any potential conflicts must be called to the attention of the Court in writing within ten (10) days from the date of this order.

6. All motions requesting leave to join parties or to amend pleadings shall be filed by **April 4, 2022**.

7. All motions that would dispose of all or any part of this case (including all motions for summary judgment), shall be filed by **December 2, 2022**.

8. Responses to motions must be filed within twenty-one (21) days of the motion.

9. Unless otherwise stipulated or directed by order, plaintiff and defendant shall file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before **May 18, 2022**.

   All motions challenging or seeking to disqualify expert witnesses (e.g., *Daubert* motions) must be filed on or before **October 31, 2022**.

   If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosure

required under Rule 26(a)(2) shall be made within 30 days after the disclosure made by the other party.

10. Unless otherwise directed by order, the parties must make the disclosure required by Fed. R. Civ. P. 26(a)(3)(A)-(B) by **February 27, 2023**. Within 14 days thereafter, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under rule 26(a)(3)(A) -(ii) any objection, together with the grounds therefore, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii), if any.

11. By **November 2, 2022** all discovery, including discovery concerning expert witnesses, shall be completed.

12. By **March 13, 2023** all pretrial material shall be filed with the Court.  Mailing these materials on this date is insufficient.  The pretrial materials must include the following:

    a. A joint pretrial order shall be submitted by the plaintiff's attorney which covers each of the matters listed in Local Rule 16.4 and which states the estimated length of trial and whether the case is a jury or non-jury trial. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted. However, failure to agree upon content or language is not an excuse for submitting separate pretrial orders because each party may submit its version of any disputed matter in the joint pretrial order.  If the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

    b. Each party shall provide a list of witnesses and provide (i) the name and address of each witness and (ii) a brief narrative of the testimony to be covered by each witness.  The parties must also divide its list of witnesses into groups of "probable witnesses," "possible witnesses," "experts," and "record custodians."

       Pursuant to Fed. R. Civ. P. 16(c)(2)(O), and section VII of the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan, the Court intends to impose a

reasonable limit on the time allowed for presenting evidence in this case. Accordingly, the parties must also state the expected duration of direct and cross examination of each witness.

c.  Each party shall file a list of exhibits and a designation of portions of depositions to be offered at trial. The list of exhibits shall describe the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall exchange a complete set of marked exhibits with opposing counsel; and shall deliver on the day the case is called for trial, a set of marked exhibits to the Court's chambers (except for large or voluminous items that cannot be easily reproduced). All Exhibits must be provided to the Court and opposing counsel in **PORTRAIT FORMAT not Landscape Format**. Each exhibit list shall be accompanied by a written statement, signed by counsel for each party (except the party offering the exhibit) stating as to each exhibit either (i) the parties agree to its admissibility or (ii) the admissibility of the exhibit is objected to, identifying the nature and legal basis of the objection, and the names of the party or parties urging the objection. Counsel for the party proposing to offer the exhibit shall be responsible for coordinating activities related preparation of such a statement. The Court may exclude any exhibit offered at trial unless such a statement has been filed in a timely manner.

d.  Requested jury instructions shall be filed by each party. Each proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority and/or pattern instructions. The parties should, to the extent possible, rely on authority from the U.S. Supreme Court and Fifth Circuit. The parties shall submit a hard copy of the proposed instructions or conclusions and email a Word or Wordperfect version to Kinkeade_Orders@txnd.uscourts.gov.

e.  In a non-jury case, each party having the burden of persuasion on an issue shall file proposed findings of fact and conclusions of law accompanied by citation to statutory or case authority. Within five (5) days thereafter, any opposing party shall serve proposed findings and conclusions with authority on that issue, numbered in paragraphs corresponding to those filed by the party with the burden of proof.

    f.  Motions in limine, if any, shall be filed by each party. Motions in limine must be limited to matters actually in dispute after conference with opposing counsel.

    g.  Each party shall file proposed voir dire questions, if any, it would like the Court to consider asking the jury panel.

    h.  Trial briefs, if any, shall be filed by each party. In the absence of an order from the Court, trial briefs are not required, but are welcome.

13. On the day the case is called for trial, additional copies of the list of witnesses and list of exhibits shall be delivered by each party to the court reporter.

14. At least fourteen (14) days before the trial date, the parties and their respective lead counsel shall hold a face-to-face meeting to discuss settlement. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other parties shall participate by representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at, and participate in, the meeting in person, not by telephone or other remote means. At this meeting, the parties shall comply with the requirements of Local Rule 16.3.

15. Within seven (7) days after the settlement meeting, the parties shall jointly prepare and file a written report, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

16. This Court orders the parties not to include "private or sensitive information in any document filed with the Court unless [it] is necessary to the case." This includes but is not limited to social security numbers, taxpayer identification numbers, financial account numbers, minors names, and dates of birth.

17. Judge's Courtesy Copy of Documents Filed by Electronic Means:
In civil cases, Judge Kinkeade requires parties to provide copies of all dispositive motions, responses, replies and appendices thereto, and any filing totaling more than 25 pages in length. **Copies must be printed on front side only, not front-back**. These copies must be delivered to the Clerk's office within three (3) business days of the filing date. Failure to comply with this requirement may result in the party's document being unfiled by the Court. Furthermore, all hard copies must be properly bound either by sufficiently affixed staple, ACCO fastener, spiral binding, or, for a voluminous document, a 3-ring binder. Appendices and other documents fastened by paper clips, binder clips, rubber bands, or any other means are unacceptable. Exhibits must be tabbed, and the exhibits must be in **PORTRAIT FORMAT** not landscape format.

18. **Local Counsel must sign all documents filed in this case pursuant to Fed. R. Civ. P. 11, and also comply with Local Rule 83.10(b).**

19. **Upon making an appearance in a case, Judge Kinkeade requires every attorney (not just lead attorneys) to provide their cell phone numbers where they can be reached at any time. This information is to be filed "Under Seal" entitled "Attorney Contact Information". If not already filed with the Court, any attorneys shall file the required document within 14 days from the date of this order.**

20. Should any party or counsel fail to cooperate in accomplishing anything required by this order, such party or counsel or both may be subject to sanctions, including dismissal or entry of default without further notice.

**SO ORDERED.**

Signed November 24th, 2021.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE