IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIM'S CAR WASH, FREDDY DAVENPORT, and DALE DAVENPORT,<br><br>            Plaintiffs,<br><br>v.<br><br>CITY OF DALLAS,<br><br>            Defendant. | Civil Action No. 3:21-CV-01746-K |

## MEMORANDUM OPINION AND ORDER

Before the Court are City of Dallas's Motion to Dismiss for Failure to State a Claim (the "Motion" or the "Motion to Dismiss") (Doc. No. 43), Plaintiffs' Response to City Defendant's Motion to Dismiss (the "Response") (Doc. No. 50), and City of Dallas's Reply Brief in Support of Its Motions to Dismiss (the "Reply") (Doc. No. 52). The Court has carefully considered the Motion, the Response, the Reply, the associated briefs and appendices, and the applicable law. Because the parties agree that this lawsuit was filed untimely, and because Plaintiffs have not sufficiently established a basis for equitable tolling, the Court **GRANTS** the Motion.

Jim's Car Wash, Freddy Davenport, and Dale Davenport (collectively, "Plaintiffs") bring this action against the City of Dallas ("Defendant" or the "City") under 42 U.S.C. § 1983 for a number of alleged constitutional violations. *See* Doc. No. 36 at 14-16. Plaintiffs also allege a conspiracy to interfere with civil rights claim under

1

42 U.S.C. § 1985. *Id.* at 16. In its Motion to Dismiss, the City advances various defenses including that Plaintiffs' claims are time-barred per the relevant statute of limitations. Doc. No. 44 at 11-12.

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). The same is true for claims brought under 42 U.S.C. § 1985. *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987). The Texas general personal injury limitations period is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003. Thus, Plaintiffs had two years from the date or dates their claims accrued to timely file suit.

When did Plaintiffs' claims accrue? While Texas law provides the relevant statute of limitations, "federal law determines when a cause of action accrues." *Helton*, 832 F.2d at 334. The Court need not delve too deeply into the accrual analysis, however, because Plaintiffs admit that "The application of a two-year statute of limitations requires Plaintiffs' filing to have occurred on June 14, 2021. As Defendant notes, Plaintiffs filed on July 27, 2021." Doc. No. 50 at 8. It is not immediately clear to the Court how Plaintiffs arrive at the June 14, 2021, expiry date. Regardless, Plaintiffs agree with Defendant that their federal lawsuit was filed sometime after the limitation period had run.

But this is not the end of the inquiry as Plaintiffs argue that their claims should not be time-barred per the doctrine of equitable tolling. "Because the Texas statute of

2

limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (citing *Board of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 485 (1980)). Considering that the Texas statute of limitations is also borrowed in § 1985 cases, the Court applies the same logic to Plaintiffs' § 1985 claim.

Texas case law on equitable tolling is seemingly limited, though Texas courts do recognize the doctrine—albeit in what appear to be fairly narrow circumstances: "Equitable tolling applies in situations where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period, or where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.) (citing *Czerwinski v. Univ. of Tex. Health Sci. Ctr. at Houston Sch. of Nursing*, 116 S.W.3d 119, 122–23 (Tex.App.-Hous. [14th Dist.] 2002, pet. denied)); *see also Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991); *Zive v. Sandberg*, 644 S.W.3d 169, 175 (Tex. 2022). Neither of these circumstances are present here, and Plaintiffs make no argument to the contrary.

"In § 1983 actions, . . . a state statute of limitations and the coordinate tolling rules are more than a technical obstacle to be circumvented if possible. In most cases, they are binding rules of law." *Tomanio*, 446 U.S. at 484. That said, a federal court may not apply a state's tolling rules when they are inconsistent with federal policy. *F.D.I.C. v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citing *Tomanio*, 446 U.S. at 485-86).

According to the Fifth Circuit in *Rotella*, "Although a state's tolling provisions cannot be inconsistent with the policies underlying § 1983, there is no authority for the proposition that it must be consistent with the federal tolling provisions. . . . [W]e see no basis for holding[] that the Texas tolling laws are inconsistent with policies underlying § 1983." 144 F.3d at 987 (citing *Rubin v. O'Koren*, 644 F.2d 1023, 1025 (5th Cir. 1981)).

Plaintiffs urge the Court to apply the federal equitable tolling provision reiterated in *Holland v. Florida*: "A 'petitioner' is 'entitled to equitable tolling' if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 560 U.S. 631 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court notes, however, that *Holland* asked "whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law." *Id.* at 650. But even if the federal equitable tolling provision applied, the Court does not believe that Plaintiffs have sufficiently satisfied either of its requirements. *See In re Deepwater Horizon*, No. 20-30673, 2021 WL 4888395, at *2 (5th Cir. Oct. 19, 2021) (citing *Pace*, 544 U.S. at 418) ("The party seeking equitable tolling bears the burden of satisfying these requirements.").

First, Plaintiffs argue that an extraordinary circumstance stood in their way and prevented timely filing. Doc. No. 50 at 8-9. Specifically, Plaintiffs state:

4

> [The] delay in Plaintiffs' filing was caused when Plaintiff Dale Davenport suffered a heart attack the weekend prior to June 1, 2021. Plaintiff Dale Davenport and the undersigned were preparing Plaintiffs' federal complaint, but *required additional information* from Plaintiffs, including a declaration from Plaintiff Dale Davenport. Plaintiff Dale Davenport emailed the undersigned on June 1, 2021, stating that he suffered a heart attack over the weekend which required the insertion of two coronary stents. Plaintiff Dale Davenport indicated that he was very weak and could not confer with the undersigned until he recovered. This occurrence caused an unavoidable delay which contributed to Plaintiffs' filing their Complaint the following month.

*Id.* (emphasis added). Plaintiffs emphasize that additional information was required before they could file their federal Complaint—namely, the Declaration of Dale Davenport (the "Davenport Declaration"). *See* Doc. No. 36-1 at 4. But Plaintiffs fail to articulate why this additional information was required. The Davenport Declaration largely mirrors the factual recitation in the Complaint. *Compare* Doc. No. 32-1 at 4-8 *with* Doc. No. 32 at 4-14. And the factual recitation in the Complaint is very similar to the factual recitation in Plaintiffs' amended state court petition. *Compare* Doc. No. 32 at 4-14 *with* Doc. No. 45 at 55-81. Plaintiffs have not asserted what material information the Davenport Declaration has added or why that information was required for their federal case.

Plaintiffs also argue that their "conduct in the state court serves as evidence of their diligent pursuit of their rights." Doc. No. 50 at 8. In response, Defendant points out that Plaintiffs' state court action was dismissed on August 5, 2020, and that Plaintiffs fail to explain "what actions they took to pursue their claims in the ten month period between August 2020 and June 2021." Doc. No. 52 at 3. It appears from

5

Plaintiffs' Response that Plaintiffs planned on filing their Complaint near their cited deadline of June 14, 2021. *See* Doc. No. 50 at 8. The Court will not go so far as to say that the filing of a complaint on or near a deadline necessarily demonstrates a lack of diligence. However, the Court agrees with Defendant that Plaintiffs have failed to demonstrate how they were diligently pursing their rights during the ten-month interim between August 2020 and June 2021. This point is especially salient considering that Plaintiffs' Complaint here bears a striking resemblance to their amended state court petition. *Compare* Doc. No. 32 *with* Doc. No. 45 at 55-81.

Because the parties agree that this lawsuit was filed untimely, and because Plaintiffs have not sufficiently established a basis for equitable tolling, the Court **GRANTS** the Motion to Dismiss.

**SO ORDERED.**

Signed August 24th, 2022.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE